**SHELL PIPE LINE CORPORATION, a Corporation, Own Risk, Petitioner,**

v.

**W. H. NEWMAN and the State Industrial Commission, Respondents.**

**No. 36044.**

Supreme Court of Oklahoma.

Sept. 28, 1954.

Rehearing Denied Dec. 14, 1954.

Application for Leave to File Second Petition for Rehearing Denied Jan. 7, 1955.

Jesse M. Davis, Gordon Watts, Tulsa, for petitioner.

Paul Pugh, Oklahoma City, E. Smith Hester, Purcell, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, V. C. J.

On November 23, 1951, W. H. Newman filed his first notice of injury and claim for compensation stating that he sustained an accidental injury while employed by Shell Pipe Line Corporation, a corporation, hereinafter called petitioner.

Following hearings conducted to determine the cause and extent of the disability the trial commissioner entered an order on the 27th day of October, 1952, denying an award. Claimant appealed to the Commission en banc and on the 28th day of January, 1953, the Commission en banc vacated the order denying an award and remanded the cause to the State Industrial Commission for further proceedings. Thereafter on the 27th day of May, 1953, a single trial commissioner entered an award for claimant for permanent total disability. This proceeding is brought to review this award.

It is first argued that there is no competent evidence reasonably tending to support the finding that claimant has a permanent total disability due to the accidental injury of March 2, 1951. Claimant testified that on March 2, 1951, he was employed in the yard of petitioner and was called upon to clean out a pit and that he was using a steel bar in connection with the process of cleaning out the pit and the bar slipped while he was beating and prying on the cement and he felt a severe pain in his chest.

The record contains the testimony and reports of Dr. L. and Dr. M. The evidence therein is to the effect that claimant had a heart condition that was aggravated by the accidental injury and that by reason thereof he is permanently and totally disabled. Under the rule announced in State Highway Department v. Powell, Okl.Sup.,

258 P.2d 1189; Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465; and Clarksburg Paper Co. v. Roper, 196 Okl. 504, 166 P.2d 425, the evidence supports the finding of the State Industrial Commission that claimant sustained an accidental injury and that by reason thereof he is totally and permanently disabled.

In its second proposition petitioner seriously contends that the State Industrial Commission erred as a matter of law in vacating the order of Commissioner Long denying the award. It cites Amerada Petroleum Corporation v. Hester, 188 Okl. 394, 109 P.2d 820, and related cases in which this court announced the rule that in reviewing an award of a trial commissioner on appeal the State Industrial Commission cannot hear further evidence but must decide the cause upon the record furnished by the trial commissioners.

The practice of vacating awards of the State Industrial Commission whether tried by a single commissioner or more than one commissioner has been customary since the provision for appeals from the State Industrial Commission to the Commission en banc. The practice and result are highly salutary. Any other method would prevent the correction of errors in awards of the Commission and lead to appeals to the Supreme Court to correct these errors. The right to review the award and remand it to the trial commissioner or commissioners for further proceeding has been exercised with the freedom, if not the frequency, of orders which affirm or deny awards. We are neither persuaded nor impressed by cases alleged to hold to the contrary cited by petitioner from other jurisdictions. We are of the opinion that the authority for the action of the Commission on appeal is inherent in the provision for considering the awards on appeal. The position of petitioner in this respect cannot be sustained.

Finally it is argued that the petitioner was denied the right of a fair trial because the trial commissioner after the cause had been remanded considered evidence in excess of the evidence authorized by law. Petitioner relies on 85 O.S.1951 § 27.1 which provides that each party shall be limited to two medical expert witnesses where the evidence of additional witnesses would be cumulative.

In the former hearing prior to the order of the commissioner denying the award two medical expert witnesses had testified for claimant and a third furnished a written report. Two of these witnesses had testified by depositions and there was some uncertainty as to whether or not the depositions had been properly taken. After the cause was remanded to the State Industrial Commission, Dr. L. testified for claimant. It is the position of petitioner that this proceeding denied petitioner a fair trial. We do not agree. We find it unnecessary to determine whether or not the evidence was cumulative in the case under consideration. 85 O.S.1951, § 27.1 limited the proceeding prior to the final order. The final order in the case at bar was vacated. The trial commissioner conducting the proceeding prior to the order of May 27, 1953, had the right to consider any additional evidence necessary in order to determine the question presented. There was no violation of the provision referred to above in the case at bar and no denial of a fair trial to petitioner.

Finding no substantial error in the proceeding the award is sustained.

HALLEY, C. J., and WELCH, CORN, DAVISON, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.