William E. BRISTOW, Petitioner,

v.

STATE INDUSTRIAL COMMISSION OF the State of OKLAHOMA; Cookson Stone Company and the State Insurance Fund, Respondents.

No. 37340.

Supreme Court of Oklahoma.

Oct. 22, 1957.

Leonard Geb, Ponca City, Claud Briggs, Oklahoma City, for petitioner.

Sam Hill, Mary Elizabeth Cox, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Justice.

William E. Bristow, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that he sustained an accidental injury while employed by Cookson Stone Company while drilling in rock. The accident occurred on or about the 29th day of November, 1954. The State Industrial Commission entered an order denying an award. This proceeding is brought by claimant against the employer and its insurance carrier, State Insurance Fund, hereinafter called petitioners, to review the order denying the award.

The record discloses that claimant was an employee of Cookson Stone Company and at the time he was injured was drilling a hole in a rock for the purpose of breaking the rock into small pieces. The hose was blown off the compressor of the drilling machine and claimant was knocked backward off a ledge. He was taken to a hospital and given medical treatment in the hospital and later at home. He was paid temporary total disability in an amount not in dispute.

The State Industrial Commission thereafter conducted hearings to determine the extent of disability. Each party filed medical reports and the case was submitted. On July 18, 1955, the trial commissioner

entered an order denying an award. On July 22, 1955, claimant appealed to the Commission en banc. On November 8, 1955, the Commission en banc ordered the case remanded for an examination by a neutral physician. On November 8, 1955, the trial commissioner entered an order for claimant to appear before Dr. M. Claimant was examined by Dr. M who filed his report on November 14, 1955. On November 16, 1955, claimant filed a request for cross-examination. On the same date the trial commissioner addressed a letter to the attorneys for both parties stating that the case would be continued until 10 a. m. on November 28, 1955, to give the parties an opportunity to cross-examine Dr. M if such cross-examination was desired. The trial commissioner at that time denied any right of examination of any other witnesses. On November 23, 1955, claimant filed another application which sought, among other things, to have a complete cross-examination of Dr. WL who had filed a report under date of July 14, 1955, and Dr. M. This application also sought to disqualify the trial commissioner.

On November 28, 1955, the parties appeared before the trial commissioner at which time the record discloses Dr. M was not present at this hearing. The claimant re-asserted his right to cross-examine Dr. WL and Dr. M. The trial commissioner stated that claimant had the right to cross-examine Dr. M. The attorneys for claimant stated that it would be impossible to get the doctor at the hearing and asked for a continuance for the purpose of offering further testimony and insisted on the right to cross-examine both doctors. Thereupon the proceeding was closed and under date of November 28, 1955, an order denying an award was entered in all respects identical with the order of July 18, 1955. An appeal was taken to the Commission en banc, the order was affirmed and this is the order we now review.

At the hearing of July 18, 1955, there was on file a report of Dr. WL. Claimant was sixty-four years old when the accidental injury occurred. It was the theory of petitioners that the disability of claimant was due to disease and not to the accidental injury. The report of Dr. WL supported this theory. Claimant did not receive a copy of the report of Dr. WL prior to the award of July 18, 1955. When the award was appealed to the Commission en banc it ordered a doctor chosen by it to examine claimant. When this doctor made his report claimant immediately made known his desire to cross-examine both Dr. WL and the doctor chosen by the Commission en banc.

We think the question presented is, did claimant have an opportunity to present his evidence after the award was appealed to the Commission en banc and returned to the trial commissioner.

We have discussed the right of the State Industrial Commission to vacate its award in Shell Pipe Line Corp. v. Newman, Okl., 278 P.2d 238. The argument made therein was that the Commission en banc could only affirm or deny an award. We specifically held that the State Industrial Commission had the right to vacate and remand to the commissioner for further hearing. When the State Industrial Commission entered its order for claimant to be examined by a doctor chosen by the Commission en banc because the medical evidence was insufficient, the effect of the action of the State Industrial Commission was to vacate the order made by the trial commissioner on July 18, 1955. Claimant states he had no opportunity to cross-examine Dr. WL and never waived the same. The trial commissioner found claimant had waived the right to cross-examine by appearing before him on July 18th after the report was filed on July 14, 1955, and by failure to raise the issue on appeal to the Commission en banc.

We are of the opinion that under the facts of this case it is immaterial when claimant had an opportunity to see the report of Dr. WL filed July 14, 1955. We likewise hold that under such facts it is immaterial whether claimant waived the right to object to the report by not raising the issue on appeal to the Commission en

banc. The award of the trial commissioner was not affirmed. When the State Industrial Commission sent the proceeding back to the trial commissioner and claimant then determined that he wanted to cross-examine Dr. WL and Dr. M it was the duty of the trial commissioner to allow claimant to proceed with such cross-examination and to offer any other evidence he thought necessary to a final determination of the case. See, in this connection, Stanolind Pipe Line Co. v. Geurin, 162 Okl. 71, 19 P.2d 139; Amerada Petroleum Corp. v. Hester, 188 Okl. 394, 109 P.2d 820.

The order denying an award is vacated and the cause is remanded to the State Industrial Commission for further proceedings not inconsistent with the views herein expressed.

WELCH, C. J., CORN, V. C. J., and HALLEY, JOHNSON, BLACKBIRD and CARLILE, JJ., concur.

JACKSON, J., concurs in the result.