**The CITY OF TULSA, Petitioner,**

v.

**Richard BINGHAM and the State Industrial Commission, Respondents.**

**No. 37739.**

Supreme Court of Oklahoma.

April 15, 1958.

Darven L. Brown, City Atty., Henry Kolbus, Asst. City Atty., Tulsa, for petitioner.

Lee & Booth, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

Petitioner, The City of Tulsa, will hereinafter be referred to as employer, and respondent, Richard Bingham, will be referred to as claimant.

Claimant obtained an award for permanent partial disability to the body as a whole. The periodical payments under this award were later commuted to a lump sum payment by the Commission.

Subsequently, on December 15, 1956, claimant filed an application with the Commission alleging that portions of the award had not been paid and requesting that the Commission issue an order directing that a certified copy of the various orders comprising the award be filed in the court clerk's office of Tulsa County, for docketing on the judgment docket of the District Court of said county.

On December 18, 1956, employer filed a verified response to the application alleging payment of all sums due and praying that it be given a hearing on that question prior to certification of the orders to the court clerk of Tulsa County.

On December 19, 1956, the Commission granted claimant's application and entered the order without notice to employer and without a hearing.

Employer contends that it was entitled to an opportunity to be heard. 85 O.S.1951 § 42 provides:

"If payment of compensation or an installment thereof due under the terms of an award, except in case of appeals from an award, be not made within ten days after the same is due by the employer or insurance carrier liable there-

for, the Commission may order a certified copy of the award to be filed in the office of the Court Clerk of any County, which award whether accumulative or lump sum shall be entered on the Judgment Docket of the District Court, and shall have the same force and be subject to the same law as judgments of the District Court. * * *."

The statute authorizes the order to be made *if* the compensation is not paid. Therefore, the plain meaning of the statute contemplates some evidence of non-payment prior to certification.

If the award orders payment and the filing of a receipt within a specified time and nothing is filed with the Commission within such time showing payment, or alleging payment, the Commission would be justified in certifying the award. If, however, prior to certification, there is on file with the Commission a receipt or claim of payment the award should not be certified without affording the employer an opportunity to be heard.

Claimant concedes that the employer should have an opportunity to be heard on the question of payment, but contends that it should be relegated to an action in the District Court. If employer had failed to present the issue to the Commission prior to certification, then the only forum open to it would be the District Court. But where, as in this case, a plea of payment has been presented to the Commission, prior to certification, it would be an imposition on both the District Court and the employer to require such issue to be litigated in the District Court. This would be contrary to the spirit and intent of the Workmen's Compensation Act which contemplates a speedy and informal determination of the respective rights of the parties, Tri-State Casualty Co. v. Speer, 189 Okl. 191, 115 P.2d 130, by the forum created to determine such rights; that is the Industrial Commission.

The facts in the instant case exemplify the compelling necessity for adopting a practical rule in this regard. In his application to certify, claimant did not allege that employer had failed to pay the permanent partial award. He only alleged failure to pay temporary total compensation and certain medical and hospital bills. The various orders contain no award for temporary total, nor do they direct payment of medical or hospital bills. Thus it appears that claimant was not entitled to obtain a certification of the various orders. In any event, since a plea of payment was presented to the Commission prior to the certification of the award, the Commission must give the employer an opportunity to be heard on such issue and proceed to resolve the question.

The order is vacated and the Commission is ordered to determine the issue of payment by hearing the evidence of the parties upon proper notice given.

CORN, V. C. J., and DAVISON, HALLEY and CARLILE, JJ., concur.

WILLIAMS and BLACKBIRD, JJ., concur in result.

JOHNSON, J., dissents.