Alph DOOLEY, Petitioner

v.

BROCE CONSTRUCTION COMPANY, Liberty Mutual Insurance Company, and State Industrial Court, Respondents.

No. 39149.

Supreme Court of Oklahoma.

Dec. 20, 1960.

Rehearing Denied Jan. 24, 1961.

James Duley, Ponca City, for petitioner.

A. G. Crowe, Oklahoma City, Mac. Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

This is a proceeding brought to review an order of the State Industrial Court in a proceeding by Alph Dooley, hereinafter called claimant, against the employer, Broce Construction Company, and its insurance carrier, Liberty Mutual Insurance Company, hereinafter called respondents, entered April 25, 1960.

Prior to the entry of this order the following had transpired: On August 31, 1959, the State Industrial Court entered an award for claimant finding that he sustained a back injury March 19, 1959, and by reason thereof was temporarily totally disabled from said date and ordered payments at the rate of $35 per week. On September 30, 1959, respondents filed Form 8 showing payment of $513.34 to that date. On November 17, 1959, claimant filed an application stating that the award had been paid to and until October 22, 1959, but that the employer and insurance carrier had refused to pay thereafter and on the same date the State Industrial Court certified the award in the amount of $9,800 to the District Court of Oklahoma County. Thereafter on December 11, 1959, the parties appeared before the trial judge, and he stated that the State Industrial Court was without jurisdiction to proceed further in the matter. Execution was issued from the district court, and respondents appeared therein and obtained an order staying execution which was thereafter vacated, and the cause was set for hearing before the District Court of Oklahoma County. Thereafter on January 5, 1960, the Supreme Court issued the following order:

"* * * this matter came on for hearing on the application of the Broce Construction Company, Inc., a Corporation, and Liberty Mutual Insurance Company's motion for an original hearing in Case No. C–85203 now pending in the State Industrial Court wherein Alpha Dooley is Claimant and Broce Construction Company is Respondent, the Petitioners appearing by their counsel, A. G. Crowe, and the Claimant appearing by his counsel, James Duley, and both parties announcing ready, the matter was presented to the Court.

"The Court * * * finds, and

"1. It Is Therefore Ordered, Adjudged And Decreed, that the Sheriff of Oklahoma County, Oklahoma, the same being Bob Turner, is directed by the order of this court to return un-

served the Writ of Execution in Case No. 148,487, now pending on the District Court Clerk's docket wherein Alph Dooley is Claimant, and Broce Construction Company is respondent, and it is further ordered that the Court Clerk of Oklahoma County, the same being Dale Smith, is ordered and directed by this Court to refrain from issuing further execution in this said matter; until this matter can be heard by the State Industrial Court, and/or the further order of this court.

"2. In the meantime, the Petitioners are directed to immediately make payments of compensation to the claimant, Alph Dooley, paying his compensation to date, and continue to pay and keep current said payments until the further order of the State Industrial Court and/or this court.

"Done in open court this 5th day of January, 1960.

"/s/ Denver N. Davison
Chief Justice."

On March 1, 1960, there was entered on the order sheet of the Supreme Court the following order:

"38,978—Broce Construction Company, Inc., et al. vs. Bob Turner, Sheriff of Oklahoma County, Oklahoma et al. Petition for Rehearing denied."

On February 17, 1960, an application was filed before the State Industrial Court in which it was requested that the temporary disability be determined, and on April 25, 1960, the State Industrial Court entered the following order:

"* * * this cause comes on for consideration, pursuant to order entered on March 25, 1960, with appearances as shown thereon, and pursuant to receipt of the medical report of Dr. D. H. O'Donoghue. Judge Marx Childers, having considered all the evidence, records, and being fully advised in the premises, finds:

"That all jurisdictional questions have been determined by prior order of this Court of August 31, 1959, which fixed the date of claimant's injury as of March 19, 1959, and compensation rate at the maximum, and placed claimant on a continuing temporary total disability order.

"That claimant was temporarily totally disabled, as found in said order, to March 31, 1960, and respondent or insurance carrier are ordered to pay compensation for temporary total disability to claimant to said date, if same has not been paid.

"That claimant's temporary total disability ended as of March 31, 1960; that claimant's rights to award for permanent partial disability are reserved for future hearing.

"It Is Therefore Ordered that claimant's temporary total disability ended as of March 31, 1960, and that claimant's rights to award for permanent partial disability are reserved."

The claimant has appealed from this order and urges two main propositions. First, the Supreme Court and the State Industrial Court were without jurisdiction to issue any order after the order entered November 17, 1959; second, there is no competent evidence reasonably tending to support the order as made as to the ending of temporary disability.

85 O.S.1951 § 41, is in part as follows:

"* * * Failure for ten days to pay any final award or any portion thereof as ordered, shall immediately entitle the beneficiary to an order finding the respondent and/or insurance carrier to be in default and all unpaid portions, including future periodical installments unpaid, shall thereupon become due and may be immediately enforced as provided by Section 13366 of this Chapter."

"13366 of this Chapter" is now 85 O.S. 1951 § 42, which is as follows:

"If payment of compensation or an installment thereof due under the terms of an award, except in case of appeals from an award, be not made within ten days after the same is due by the

employer or insurance carrier liable therefor, the Commission may order a certified copy of the award to be filed in the office of the Court Clerk of any County, which award whether accumulative or lump sum shall be entered on the Judgment Docket of the District Court, and shall have the same force and be subject to the same law as judgments of the District Court. * * * Upon the filing of such certified copy of the Commission's award a writ of execution shall issue and such process shall be executed and the cost thereof taxed, as in the case of writs of execution, on judgments of courts of record, as provided by the code of civil procedure. * * *"

█ When an award is certified to the clerk as above provided, the award is enforceable as a judgment in the district court. Rucks-Brandt Construction Corp. et al. v. Silver, 194 Okl. 324, 151 P.2d 399; Hickman v. Gumerson, 190 Okl. 514, 125 P.2d 765; Fowler v. Brooks et al., 193 Okl. 580, 146 P.2d 304; Excise Board of Grady County v. Griggs, 192 Okl. 636, 138 P.2d 829; and City of Tulsa v. Bingham et al., Okl., 324 P.2d 854.

█ We must, therefore, determine the effect of the above order of the Supreme Court. Claimant argues that since it is injunctive it is invalid because the Supreme Court has no original jurisdiction to grant injunctive relief. If the Supreme Court had authority to enter an order under any of its powers by virtue of its original jurisdiction or right of superintending control, Article 7, Section 2, State Constitution, we think it without legal significance that the word "injunction" appears in the order. We held that an order made under Section 41, supra, without due notice to the adverse party is void. City of Tulsa v. Bingham, supra. The Supreme Court after oral argument and upon due investigation issued the above order. The claimant filed a petition for rehearing, and on the 1st day of March the petition for rehearing was denied as above stated. Under Article 7, Section 2 of the Constitution, the Su-

preme Court is given superintending control of inferior courts. We think it unnecessary to determine whether, as a basis of its order, the court found that City of Tulsa v. Bingham, supra, applied or other grounds were used to determine its right to enter the order. This order was res judicata. It stopped all proceedings in the district court relating to the execution issued on the order of November 17, 1959, and directed the State Industrial Court to proceed to determine the extent of disability. The State Industrial Court did this in accordance with the order of the Supreme Court entered January 5, 1960, and its order of April 25, 1960, was in pursuance of such order.

█ Claimant argues that respondents appealed to the Industrial Court en banc from the order entered November 17, 1959, and this appeal is still pending, and the order of the Supreme Court is ineffective for this reason. In Higgs v. State Industrial Commission et al., 197 Okl. 281, 170 P.2d 240, we pointed out that although a proceeding from a trial judge to the State Industrial Court en banc is denominated an appeal, the proceeding is in a common forum. The order of the Supreme Court of January 5, 1960, was addressed to this forum and was effective for all purposes regardless of the particular stage of the proceeding in the State Industrial Court. The fact that there had been an appeal from the order of November 17, 1959, is without legal significance.

██ Claimant argues that there is no competent evidence reasonably tending to support the finding of the State Industrial Court that claimant's temporary disability ended March 31, 1960. We do not agree. Assuming that there is no conflict in the testimony prior to the time of the appointment of a neutral examiner as asserted by the claimant, the State Industrial Court caused to be appointed a neutral examiner, Dr. OD, who made his report at the request and on directions of the State Industrial Court, and the report contains competent evidence upon which the State Industrial Court could base its finding that

the temporary disability terminated March 31, 1960. However, in this connection, we note that the order ending temporary total disability includes the statement: "that claimant's rights to award for permanent *partial* disability are reserved for future hearing," and since the permanent disability was a matter to be determined in the future, we are of the opinion that that part of the Industrial Court's order should be modified to read as follows: "that claimant's rights to award for permanent disability are reserved for future hearing," and we so hold.

The order as modified is sustained.

DAVISON, C. J., and WILLIAMS, V. C. J., and WELCH, HALLEY and BLACKBIRD, JJ., concur.

JACKSON, IRWIN and BERRY, JJ., concur in result.