Marvin C. BOWLING, Petitioner,

v.

BLACKWELL ZINC COMPANY, Incorporated, Own Risk, and the State Industrial Court, Respondents.

No. 40014.

Supreme Court of Oklahoma.

Nov. 13, 1962.

Rehearing Denied Jan. 22, 1963.

James Duley, Ponca City, for petitioner.

Felix Duvall, Ponca City, for respondents.

IRWIN, Justice.

Challenged by claimant, as contrary to law and unsupported by competent medical evidence, is the trial tribunal's award allowing him compensation for temporary total and permanent partial disability due to his accidental onset of heat exhaustion.

This is the third time this court is called upon to review the present cause. In the initial proceeding we held that the State Industrial Court failed to make findings upon two material issues raised by the evidence: (a) claimant's right to reimbursement for medical expenses incurred in the treatment of his injury; (b) the cause and extent of his loss of hearing. The award for temporary total disability and for 5 per centum permanent (partial) disability to the body as a whole was accordingly vacated and the cause remanded "for further proceedings in conformity with this opinion." Bowling v. Blackwell Zinc Company, Okl., 347 P.2d 1024.

In the second opinion this court held that upon the remand of the case there was prejudicial error in limiting the proceedings to two issues: the cause and extent of claimant's loss of hearing and his right to reimbursement for medical expenses. The trial tribunal's decision was sustained only insofar as it allowed claimant compensation for permanent (partial) impairment of his hearing and required the employer to pay medical expenses; the award for temporary total disability from June 28, 1958, the date of the accident, to July 28, 1958, was vacated. and the cause remanded " * * * with. directions to afford both parties *full opportunity* to present additional evidence on the undisposed of issues of claimant's alleged *temporary and permanent* disability to the body as a whole." For a comprehensive discussion of the medical evidence, see Bowling v. Blackwell Zinc Company, Okl., 359 P.2d 731.

Upon the second remand, both parties resubmitted the cause upon the evidence formerly submitted without introduction of any additional expert proof. The award under review allowed claimant compensation for temporary total disability from the date of his injury to January 23, 1960, and 10 per centum permanent (partial) disability to the body as a whole and 25% permanent partial disability to each ear and medical expenses. Claimant presents three propositions: (a) the award for 10 per centum permanent (partial) disability is contrary to undisputed medical evidence; (b) the trial tribunal erred in re-entering an award for partial loss of hearing and 'for medical expenses, both of which matters were removed from its cognizance by this court's last opinion sustaining a prior award. therefor; (c) the trial tribunal erred "in failing and refusing to pass" on claimant's verbal motion for

certification of the award (for loss of hearing and reimbursement of medical expenses) for entry on the district court judgment docket as provided in 85 O.S. 1961 § 42.

The medical evidence before us is identical to that which was extensively reviewed in our last opinion. The gist of claimant's contention appears to be that the trial tribunal was precluded from considering any medical testimony other than the deposition of Dr. L.H.B., given on January 23, 1960, in which claimant's condition was evaluated in terms of permanent total disability. Claimant argues that under the "undisputed" testimony in the record he was entitled to an award for permanent total disability.

As pointed out in our last opinion, claimant's medical evidence consisted of letter-reports from Drs. R. and C.A.G., L.H.B. and D.E.B., all of which were admitted in the hearings conducted prior to the first proceeding for review. Dr. R. estimated claimant's condition at 10 per centum permanent (partial) disability to the body as a whole, while Dr. C.A.G. evaluated it at 50 per centum. Neither Dr. L.H.B. nor Dr. D.E.B. did at that time give his opinion as to the degree of claimant's permanent impairment to the body. In the hearings conducted after the initial remand of this case Dr. L.H.B. first testified in his deposition that claimant's disability to the body as a whole was permanent and total.

■■ Generally, evidence of permanent disability which has been introduced at prior hearings before the trial tribunal is competent and probative of that issue at subsequent hearings, where there has been no final determination thereof and there is no indication of a substantial change in claimant's condition during the intervening period. Bowling v. Blackwell Zinc Company, Okl., 357 P.2d 1009.

The record is devoid of any evidence indicating that claimant's *permanent* impairments to the body had undergone a substantial change between the original hearing upon the claim and the date of Dr. L.H.B.'s deposition. The most we can deduce from the latter testimony is that during the interim claimant did suffer a recurrent interval of temporary disability. There is nothing in the record to demonstrate a substantial increase in *permanent* impairments to the body occurring upon the cessation of the recurrent healing period.

■ The State Industrial Court is authorized to determine disability at any degree within the range disclosed by expert evidence. Drinkwater v. Orkin Exterminating Co., Okl., 361 P.2d 834, 835.

■ The opinion of Drs. R. and C.A.G. was as competent upon the issue of permanent disability as that of Dr. L.H.B. There was hence no error in fixing the degree of claimant's permanent disability at 10 per centum.

■■ We agree with claimant that the trial tribunal erred in re-entering, as part of the decision under review, its prior award for 25% permanent partial disability to each ear and for medical expenses. That award, having been sustained in our last opinion, became final in all respects. Where an award, order, or decision of the State Industrial Court has been sustained on review, it becomes final, binding and conclusive upon all parties and those in privity with them. All matters decided in such award, order, or decision, become barred by res judicata and are no longer subject of judicial cognizance or inquiry in a subsequent proceeding before the trial tribunal. White et al., v. Shell Oil Co., Inc. et al., 193 Okl. 374, 143 P.2d 825; O. C. Whitaker, Inc. et al. v. Dillingham et al., 194 Okl. 421, 152 P.2d 371.

The recitations concerning the prior award for loss of hearing and medical expenses are mere surplusage and should be expunged from the award under review.

■ In the course of the proceedings which culminated in the award under review claimant advised the trial tribunal that the prior award (for loss of hearing and medical expenses) was delinquent and remained unpaid. By verbal motion, and over objection of employer's counsel, claimant sought an

order certifying the unpaid award for entry on the district court judgment docket as provided in 85 O.S. 1961 § 42. No disposition was made of this motion and claimant complains of error in the trial tribunal's failure to certify the delinquent award.

Rule 27 of the State Industrial Court provides:

"All applications for an order directing certified copies of awards for payment of compensation to be filed with the Court Clerk of any county for docketing on the judgment docket of the District Court of said county as provided by Section 42, Title 85 O.S. 1951 and execution issued thereon, shall be granted only after five (5) days notice to the respondent and insurance carrier to show cause why said application should not be granted."

This rule implements and accords with our pronouncement in City of Tulsa v. Bingham, Okl., 324 P.2d 854; see Dooley v. Broce Construction Company, Okl., 358 P. 2d 815, 818.

Claimant did not comply with Rule No. 27. When the issue of certification was mentioned, employer's counsel objected to its consideration, because it "has nothing to do with further order in these cases— I will not agree to that".

In view of the irregular procedural manner in which the matter was sought to be raised, we find no error or abuse of discretion in the trial tribunal's failure to act upon claimant's verbal application.

The determination of claimant's permanent disability rests on competent medical evidence. The recitations relative to the prior award for loss of hearing and medical expenses were unauthorized and the trial tribunal is hereby directed to expunge them from the record.

Award sustained as modified.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, JOHNSON, JACKSON and BERRY, JJ., concur.