In the Matter of the death of Jacob Clefton GREEN, Mary Adeline Green, Respondent,

v.

MAC'S PLATING WORKS, and Mid-Continent Casualty Company, Petitioners.

No. 49465.

Supreme Court of Oklahoma.

April 19, 1977.

Whitten, McDaniel, Osmond, Goree & Davies by Edward E. Davies, Jr., Tulsa, for petitioners.

A. A. Berringer, Tulsa, for respondent.

DAVISON, Justice:

This proceeding involves second review of matters related to surviving dependents' claim for death benefits, found to have resulted from personal injury and subsequent death of Jacob Clefton Green from occupational disease during covered employment. 85 O.S.1971 § 3(16).

Deceased had been employed over 20 years in respondents' plant, where items were electroplated by processes involving use of cadmium, zinc, nitric acid, sulphuric acid and hydrochloric acid. In 1970, deceased sought medical treatment for coughing and shortness of breath. After physical examination based upon complaints and history of exposure to acid fumes, Dr. D. B. diagnosed difficulty as chronic obstructive pulmonary disease and hospitalized deceased for extensive lung function studies. Further hospitalization in November, 1970, for diagnostic studies, including lung biopsy, revealed advanced pulmonary lung scarring which confirmed earlier findings and diagnosis of interstitial pulmonary fibrosis. During continuing treatment, the physician learned in September, 1972, deceased also

had suffered exposure to zinc and cadmium fumes.

Interstitial pulmonary fibrosis was progressive and in July, 1972, deceased filed a claim for compensation and eventually quit work on September 13, 1972, the last day of exposure. This claim was heard on March 14, 1973, and the trial judge found that long exposure to fumes had aggravated or precipitated occupational disease diagnosed as interstitial pulmonary fibrosis, which resulted in temporary total disability and necessitated further medical treatment. The court entered a 300 week order for temporary total compensation from last day of employment, and continuing medical treatment. While this order was in force, claimant (decedent) filed a motion to require payment of medical expenses incurred after November, 1970, when injury was diagnosed. Respondent had knowledge of hospitalizations and reason therefor, but offered no medical assistance. The motion was not heard, but in some manner was allowed to pend.

Regular treatment continued after September, 1972, interspersed by necessary hospitalizations because the pulmonary condition was progressive after September, 1972. The last hospitalization was in September, 1973. Deceased was discharged to his home terminally ill on September 12th and expired September 17, 1973. Dr. D. B. reported pulmonary fibrosis with lung insufficiency and ultimate respiratory failure as primary cause of death.

Some matters summarized were reviewed heretofore in Case No. 47,377—*In the Matter of the Death of Jacob Clefton Green* (not reported officially) May 27, 1975. They are related as pertinent to consideration of issues advanced in the present cause.

On October 23, 1973, Mary Adeline Green, surviving widow, filed Form 3A alleging death of decedent, and entitlement of herself and minor children to death benefits. Respondents denied all matters except fact of employment. Claimant also requested hearing on motion pending in compensation case (No. D–84784) for payment of medical expenses. When the case was heard on January 14, 1974, the motion was not dock-

eted, and respondents required claimant to elect between claim for death benefits and original case. Respondents also declined to stipulate concerning findings entered in that case, but admitted temporary total compensation had been paid until decedent's death.

Claimant testified as to marriage, minor dependent children, illness and death of decedent, and that no legal representative had been appointed. Counsel then offered Dr. D. B.'s reports of August 10, 1973, and September 24, 1973, together with decedent's hospital discharge summary. Respondents agreed Dr. D. B. would testify to matters shown if called to testify, but waived cross-examination and objected only to competency of the physician's reports. Respondents then demurred to the evidence, and in the event overruled, asked for additional time to secure a report from a physician based on hypothetical question. The demurrer was overruled and respondents were advised their report could be furnished and was furnished within two weeks. The trial judge thereafter entered an order sustaining respondents' demurrer.

Claimant appealed to the State Industrial Court en banc alleging sufficiency of evidence to sustain an award or, alternatively, claimant should have opportunity to reopen for further evidence. After presentation, State Industrial Court vacated the order and remanded the cause for further proceedings. Respondents initiated proceeding for review which was dismissed by Supreme Court, because of an interlocutory order which presented nothing for review. *Mac's Plating Works, et al. v. Mary Adeline Green*, No. 47,377—May 27, 1975 (not reported officially).

On September 24, 1975, another trial judge heard both cases. The first, No. D–84784, involving medical expenses after illness was diagnosed. In this portion of hearing, claimants introduced Form 19 claims for medical expenses. Respondents stipulated as to necessity and reasonableness of medical bills, but claimed requirements of 85 O.S.1971 § 28 required revivor of claim for medical expenses within one

year after death, and not having been revived, State Industrial Court lacked jurisdiction. Only claimant filed brief on this issue as directed.

Issue concerning claim for death benefits was presented separately. Claimant testified in support of claim, offered deposition testimony of Dr. D. B., and asked admission of transcript and filed in Case No. D–84784 into evidence. Ruling upon respondents' objections to admissibility of deposition and case file was deferred pending trial court examination.

On October 27, 1975, the trial judge entered an order consolidating two cases for disposition, determined deceased had suffered occupational disease from exposure to deleterious substance, which aggravated or precipitated interstitial pulmonary fibrosis and resulted in death. The order further determined medical bills incurred were necessary and recovery therefor was not barred by limitations, approved claims for these expenses as filed, and apportioned death benefits between claimant and minor children.

Upon appeal to the State Industrial Court en banc, the order was affirmed. Respondents brought this proceeding for review, alleging insufficiency of evidence to show death resulted from accidental injury during covered employment. On review however, respondents claim lack of formal opportunity for objection to introduction of evidence in Case No. D–84784, and that testimony introduced at the hearing would not support finding that decedent's death resulted from occupational disease.

Argument is advanced under two contentions. The first claims proceedings in Case No. D–84784 were not revived within a year following death, therefore State Industrial Court was without jurisdiction to order payment of medical expenses incurred prior to death, and this is jurisdictional question which may be raised initially on review. Decisions cited as authority do not support this argument. As to this argument, it is sufficient to note the revivor statute alluded to by respondents was repealed in 1965. See *Palmer v. Belford*, Okl., 527 P.2d 589.

Expenses of medical treatment are provided for by § 14 of the Act. In 1968, this section was amended by addition of the following:

" * * * If such injured employee should become deceased, whether or not he has filed a claim, such fact shall not affect liability for medical attention previously rendered, and any person or persons entitled to such benefits may enforce charges therefor as though such employee had survived. . . ."

█ The plain intent of this provision is to sustain liability for medical treatment, required by an injured workman; in the same manner as though the employee had survived. Provision of the statute for enforcing liability for medical expenses and treatment "as though such employee had survived" makes clear that revivor by personal representative is unnecessary. This, in turn, negates argument that claims for these same expenses abate unless revived.

█ Further argument concerns lack of jurisdiction, to enter an order for payment of medical expenses, because of lack of evidence showing reasonableness and necessity of the charges. Respondents stipulated there was no objection to necessity or reasonableness of the medical bills, as all expenses were incurred in connection with deceased's illness. Asserted lack of jurisdiction upon this basis is without merit.

The second contention asserts respondents' procedural rights of due process were violated because the trial court's order awarding compensation was entered without notice. Respondents contend the court consolidated the two cases without further notice and the case was submitted for final order. Thus, respondents had no formal opportunity to object to introduction of testimony in original case, Case No. D–84784, and testimony at last hearing, September 24, 1974, does not support an order finding death resulted from occupational disease.

█ The record reflects respondents' presence at the hearing when claimant's counsel offered into evidence the deposition of Dr. D. B., requested transcript of evidence in the first case, No. D–84784, and

offered into evidence the transcript and record in that case. Respondents thereupon objected to competency of the deposition as incompetent to show death resulted from exposure to cadmium. Objection also directed to specific questions and answers in the deposition. The court advised counsel the record in the original case would be reviewed and competency of matters determined without specific ruling being made in the order. Once again, respondents objected to introduction of any previous testimony. What more formal opportunity to object to introduction of evidence was required to support procedural due process is not made clear.

■ Numerous decisions declare that when a trial judge has denied an award and State Industrial Court vacates that order and remands the cause for further proceedings, the trial judge must allow claimant to offer any other evidence claimant considers necessary to final determination of the cause. *Bristow v. State Industrial Commission*, Okl., 317 P.2d 237. Generally, evidence relating to issue of claimant's disability introduced at a prior hearing of workmen's compensation proceedings, is competent and probative of issue at subsequent hearing where there has been no final adjudication thereon, and there is no indication of change in condition. *Bowling v. Blackwell Zinc Company*, Okl., 357 P.2d 1009; *Bowling v. Blackwell Zinc Company*, Okl., 377 P.2d 972.

■ Authority of State Industrial Court to review a trial judge's order or award and remand a cause for further proceedings is prescribed by § 77 of the Act. When the Court vacates a trial judge's order and remands the cause for further proceedings, the matter stands as though no order or award had been made. *Dixon Brothers Lumber and Supply Co. v. Watson*, Okl., 353 P.2d 478. When State Industrial Court vacated order sustaining demurrer to claimant's evidence and remanded cause for further proceedings, the case then was to be heard as though no order had been made. In that proceeding, the parties were afforded opportunity to submit any evidence desired, either new or old. The trial court was authorized to make a new and independent order or award based upon the entire record. *Western States Construction Company v. Stailey*, Okl., 461 P.2d 940; *Shell Pipe Line Corporation v. Newman*, Okl., 278 P.2d 238.

■■ A further matter negating argument, as to failure of due process resulting from lack of opportunity to object to introduction of evidence, appears in *Fox-Smythe Transportation Company v. McCartney*, Okl., 510 P.2d 686. The original order awarding compensation for temporary total disability became final. That order was a part of the proceedings presented under the present review. The court takes notice of judgment, decrees, records and proceedings pending, and will notice particularly former proceedings to which reference is made in a pending cause. Prior determination as to cause and extent of disability settled the issue as to causal connection between accidental injury and disability. State Industrial Court could take notice of records and proceedings formerly pending, to which reference was made in the case being heard.

Award sustained.

LAVENDER, V. C. J., and IRWIN, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.