## BUSSEY v. BUSSEY.

No. 21140. Opinion Filed Feb. 16, 1931.

Rehearing Denied March 10, 1931.

S. H. King and Bartlett & Bartlett, for plaintiff in error.

M. L. Opperud and O. B. Martin, for defendant in error.

ANDREWS, J. Telee Bussey instituted suit against her husband, Frank Bussey, for divorce, division of property, custody of the minor children, allowance for support of minor children and attorney fees. Her husband filed a cross-petition. After trial upon the merits, the trial court rendered judgment in accordance with prayer of the plaintiff's petition. From that judgment the defendant appealed to this court.

The parties will be hereinafter referred to as they appeared in the trial court.

The defendant presents five propositions, the fifth of which is an allegation of error in the overruling of his motion for new trial. The other four propositions will be considered separately, and, in so doing, we will cover the question raised by his fifth proposition.

The first proposition is:

"Error of the court in admitting incom-

petent, irrelevant, and immaterial testimony offered and introduced by plaintiff, which is covered in assignment No. 2."

The defendant contends that certain testimony offered by the plaintiff should not have been admitted by the trial court, for the reason, as he says, that his conduct shown by that testimony had been condoned by the plaintiff. The authorities cited by him are as to the doctrine of condonation. He cites no authority applying to the question of procedure involved. The fact that the acts of an individual have been condoned does not make evidence of those acts incompetent, irrelevant, and immaterial. There is no error in permitting proof of acts of misconduct because of an allegation in the pleadings that those acts have been condoned. Condonation must not only be alleged, but, where it is denied by the pleadings, it must be proven. Here the allegation of condonation was denied. There was evidence tending to prove condonation, but even though it was sufficient to show condonation, error cannot be predicated on the admission of testimony showing the acts. Where, by the pleadings, acts of misconduct are alleged to have been condoned and that allegation is denied, tending to show the alleged acts should not be excluded on objection that that evidence is incompetent, irrelevant, and immaterial.

The second proposition presented is:

"Error in overruling demurrer of the defendant to the evidence offered by the plaintiff. This proposition covers assignment of error No. 3."

This court cannot say that there was no competent evidence reasonably tending to support the claims of the plaintiff, and, there being such evidence, there was no error in overruling the demurrer of the defendant to the evidence. In Gregory v. Oklahoma Operating Co., 139 Okla. 243, 282 Pac. 139, this court held:

"The test applied to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be reasonably and logically drawn from the evidence, are admitted, and the court cannot weigh conflicting evidence, but must treat the evidence as withdrawn which is most favorable to the demurrant."

The third proposition of the defendant is:

"Insufficiency of evidence to support judgment in favor of plaintiff for divorce and insufficiency of evidence to support money judgment in division of property; this pro-

position is covered by assignment No. 4 and 5."

We think that there is sufficient evidence in the record to sustain that portion of the judgment granting the plaintiff an absolute divorce from the defendant. In the case of Bruce v. Bruce, 141 Okla. 160, 285 Pac. 30, this court held:

"Where, in an action for divorce on the ground of cruelty, the evidence is conflicting as to the facts and the fault, but there is sufficient evidence to sustain the decree of the trial court, the same will not be disturbed on appeal."

In view of the character of the acts shown by the evidence and the fact that the parties to this litigation have five minor children, this court is of the opinion that it is neither necessary nor for the best interest of the parties that any statement of the evidence be included in this opinion. Suffice it to say that the evidence is conflicting both as to the facts and the fault. Each of the parties has made serious charges of misconduct against the other and each has supported those charges by some evidence. The acts charged by each, if true, are statutory grounds for divorce. We are not prepared to say that the judgment of the trial court as to the divorce is against the clear weight of the evidence. That portion of the judgment is affirmed.

The trial court found that the defendant should be allowed the right to visit the minor children at all reasonable times, but in the judgment no provision therefor was made. While that portion of the judgment is not final (Bruce v. Bruce, supra), we cannot approve it. In only exceptional cases should a parent be denied the right to visit his minor children after their custody has been awarded by decree of divorce. The record shows no reason why the defendant should not be permitted to visit his children at all reasonable times. The trial court is directed to enter a judgment giving the defendant the right to visit the minor children at any reasonable time, subject to the further order of the court.

We approve and affirm those portions of the judgment awarding the plaintiff the Chevrolet automobile and the defendant the Ford delivery truck. In Tobin v. Tobin, 89 Okla. 12, 213 Pac. 884, this court held:

"A court of equity, on granting a divorce to either the husband or wife, is required by subdivision 2, as herein divided, of section 4969, Rev. Laws 1910, to make a just, fair, and equitable division of the properties acquired by the parties jointly during their marriage. In doing so, the court is not required to divide the property equally between the parties, but is given a wide latitude in determining just what part of the jointly accumulated properties shall be given to each of the parties."

We approve and affirm those portions of the judgment awarding the plaintiff the home property described as lots 25 and 26, in block 7, in the city of Tonkawa and the furniture therein and vesting the title thereto in her and quieting the title thereto as against any claim of the defendant. Tobin v. Tobin, supra.

We approve and affirm that portion of the judgment allowing the plaintiff an attorney's fee and fixing the amount thereof. That, with the fee heretofore allowed by this court, in our opinion, under the circumstances of this case, is adequate, and no additional fee is allowed. Richard v. Richard, 142 Okla. 302, 286 Pac. 900.

We approve and affirm that portion of the judgment vesting in the plaintiff the title to the 60 acres of land owned by her and known as her allotment and quieting the title thereto as against the claim of the defendant. Bruce v. Bruce, supra.

We approve and affirm those portions of the judgment awarding property to the defendant and quieting the title thereto in him as against the claims of the plaintiff, except such portions thereof as are herein specifically disapproved.

We cannot approve that portion of the judgment awarding the plaintiff the sum of $2,000 or that portion thereof awarding the defendant "$3,000 in Masonic bonds." We think the record justifies an award giving the plaintiff one-half of the $3,000 in Masonic bonds and giving to the defendant the other one-half thereof. The judgment in favor of the plaintiff for $2,000 is reversed and the trial court is directed to award to the plaintiff one-half of the $3,000 in Masonic bonds owned by the defendant, and, upon his failure or refusal to deliver the same to the plaintiff, then that the plaintiff have judgment against him for $1,500.

That portion of the judgment requiring the defendant to pay to the plaintiff $75 per month for the care and custody of the minor children is affirmed as a temporary order subject to future changes as conditions justify. We do not approve the creation of a lien against all of the property of the defendant to secure the payment thereof. The amount of those payments for the term prescribed may aggregate a sum in

excess of $17,000. To make the same a lien upon the property of the defendant would be to deprive him of the privilege of dealing with his property. He could sell it only by securing in some manner the payment of the amount ordered to be paid for the care and custody of the minor children. That amount is indefinite in that it is subject to be changed by order of the court to conform to changed conditions. The fixing of a lien against his property, under the circumstances in this case, in our opinion, would be an undue interference with his control of his property. An order made by a court for the payment by a parent of monthly sums over a period of years for the care and custody of minor children does not create a lien on the property of the parent in the absence of an order to that effect, and an order to that effect should be made only where the facts and circumstances disclosed by the evidence show a necessity therefor in order to insure the payment of the sums ordered to be paid. The record shows that the defendant is a careful and conservative business man; that he has a high regard for his children and that he is kind and considerate of them. If his natural inclination does not prompt him to take care of them, he is subject to process to compel him to do so. Damage rather than good will arise from making the payments a lien upon his property, and that portion of the judgment is reversed.

The fourth proposition is as follows:

"Insufficiency of evidence to support judgment awarding care and custody of minor children to the plaintiff; this proposition is covered by assignment of error No. 6."

We think there is sufficient evidence to support the judgment as hereinabove directed to be modified, under the rule of construction hereinabove stated.

The cause is remanded to the trial court, with directions to proceed in accordance with the directions herein contained.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. KORNEGAY, J., absent.