Mary M. GRATTAN, Plaintiff in Error,

v.

Beverly E. TILLMAN, Ida S. Gassaway and
Josephine H. Theimer, Defendants
in Error.

No. 37356.

Supreme Court of Oklahoma.

Oct. 22, 1957.

Rehearing Denied Feb. 11, 1958.

Application for Leave to File Second Peti-
tion for Rehearing Denied April 15, 1958.

Charles I. Allen, Dwain D. Box, Miskovsky & Miskovsky, Oklahoma City, for plaintiff in error.

Ames, Daugherty, Bynum & Black, Oklahoma City, for defendants in error, Beverly E. Tillman and Josephine H. Theimer.

HALLEY, Justice.

This is an action by Mary M. Grattan against Beverly E. Tillman, Ida S. Gassaway and Josephine H. Theimer, seeking a judgment declaring an alimony judgment held by her against her former husband, Thomas E. Grattan, to be a first and prior lien against the following land in Oklahoma County, Oklahoma, to-wit:

"Lots 9 and 10, Block 2, Fitzhugh Place, being a subdivision of Lots 7 and 8, Alta Vista Addition to Oklahoma City, Oklahoma."

She further prayed that her judgment lien be foreclosed, the land sold and the proceeds applied to the payment of her judgment for alimony.

The judgment in favor of Mary M. Grattan was for permanent alimony in the sum of $2,000, against Thomas E. Grattan, her former husband. It was rendered by the District Court of Oklahoma County, May 14, 1954, and filed May 28, 1954, on the judgment docket of that County.

Mary M. Grattan sued her husband for divorce, child support and a division of their jointly acquired property, including the land above described and here referred to as the "home place" and alimony. We find it necessary to set out the pertinent portions of the divorce decree. After granting Mary M. Grattan a divorce and providing for child support the court decreed that Mary M. Grattan should receive "* * * as her sole and separate property, free and clear of any claim or right of the defendant therein, the following: All household furniture, furnishings, and effects * * *", two automobiles and "That defendant should pay to plaintiff forthwith, as her reasonable alimony in money, the sum of. $2,000; That the defendant should pay, * * * all debts, bills, accounts, and obligations * * *" incurred during their marriage and that the plaintiff shall have the right to occupy the home place, rent free and free of all other expenses to be paid by the defendant, from May 14th to August 1, 1954.

The court then granted to Thomas E. Grattan "* * * as his sole and separate property, free and clear of any claim or right of plaintiff" the following:

All property not set apart to the plaintiff, including the home place above described, but subject to assuming the mortgage indebtedness thereon, and subject to the right of plaintiff to occupy the same until August 1, 1954, and a business at 3815 North Lincoln, in Oklahoma City, subject to assuming the mortgage indebtedness thereon. Defendant was ordered to pay court costs and attorney fees for his wife.

After the divorce decree was granted, Mary M. Grattan executed a quit claim deed conveying all of her right, title and interest in the home place to Thomas E. Grattan. The habendum clause expressly provides that the grantor, nor any one in her behalf "* * * shall or will hereafter claim or demand any right or title to the said premises or any part thereof; but

they and every one of them shall by these presents be excluded and forever barred, * * *". This quit claim deed contains an obvious error in naming Thomas E. Grattan in lieu of Mary M. Grattan in the latter part thereof but no complaint was made by the plaintiff and the error is so obviously a typographical error that it may be disregarded The quit claim deed was filed for record May 27, 1954, the day before the divorce judgment was filed.

When the divorce judgment was entered, the home place was burdened with a first mortgage to Home State Life Insurance Company in the sum of $5,000 and a second mortgage for $3,000 in favor of Raymond Edward Theimer.

Josephine H. Theimer loaned $8,500 to Beverly E. Tillman and Ida S. Gassaway on February 22, 1955, secured by a mortgage on the home place and the first and second mortgages above described were released February 28 and March 5, 1955.

On May 16, 1955, Mary M. Grattan filed this action and asserted that since the two mortgages existing at the date of the divorce and alimony decree had been released, she had a prior lien on the home place to secure the payment of her alimony judgment for $2,000.

The trial court heard oral testimony and admitted in evidence many exhibits consisting largely of copies of the instruments above mentioned, including a copy of the judgment for divorce, division of property and alimony, and found for the defendants. The plaintiff Mary M. Grattan has appealed. She contends that where in a divorce decree a wife is granted permanent alimony, she is entitled to a lien on the home place awarded to her husband to secure the payment of her alimony. She further contends that the present defendants who purchased the home place after her judgment was entered on the judgment docket, are charged with notice of her judgment for alimony. She makes no mention of the quit claim deed above described, a copy of which was introduced in evidence.

Mary M. Grattan relies upon Section 706, 12 O.S.1951, which provides in part:

"Judgments of courts of record of this State, except County Courts, and of the United States rendered within this State, shall be liens on the real estate of the judgment debtor within the county in which the judgment is rendered from and after the time such judgment is entered on the judgment docket, * * *"

She also quotes from 27 C.J.S. Divorce § 251, p. 1024 and 1 Ruling Case Law, page 866, and cites Commons v. Bragg, 183 Okl. 122, 80 P.2d 287, 290. However, in that case the court held that "* * * alimony is not a debt within constitutional or statutory provisions against imprisonment for debt. It being held that an order for the payment of alimony possesses different characteristics from an ordinary debt since it is designed to secure the performance of a legal duty in which the public has an interest. Cain v. Miller, 109 Neb. 441, 191 N.W. 704, 30 A.L.R. 125, and annotation beginning on page 130. * * *"

In the case relied on by the plaintiff, the wife sought to subject to the payment of an alimony judgment, an award to the husband by the State Industrial Commission. 85 O.S.1951 § 48, provides that such awards shall be free from all claims of creditors and from levy, execution and attachment or other remedy for the collection of a debt. Yet this Court held that such award could be reached and made subject to the payment of alimony.

The only other Oklahoma case cited by plaintiff in her original brief is Stanfield v. Stanfield, 67 Okl. 56, 168 P. 912, 914, wherein it is said:

"Alimony decreed to a wife in a divorce is as much a debt, until the decree is recalled or modified, as any judgment for money is."

The Stanfield case does not involve the question here commented upon by the Court and is not in point under the facts in the case under consideration.

In Haven v. Trammell, 79 Okl. 309, 193 P. 631, this Court held that:

"Where in a divorce, alimony in money is decreed, which is adjudged to be a lien upon all the real estate owned by the defendant in the state, the homestead of the defendant, owned at the time such judgment is rendered, may be legally levied upon and sold for the payment of the said alimony.",

in spite of the statute making the homestead exempt from execution.

We think there is no question but that the court has the authority to make an alimony judgment a lien upon any real estate owned by the husband or set apart to him, but that it may also set apart to the husband certain property and expressly provide that it is to be free and clear of any right or claim on the part of the wife.

Several cases are cited by the plaintiff but the facts are different from those under consideration. There is no case cited where the court awarded property to the husband free from all claims of the wife, who then quitclaimed to the husband all of her right, title and interest in the land awarded to him as was done here. The court not only failed to make the alimony judgment a lien upon the home place awarded to the husband but expressly relieved it of any claim by the wife, who later quitclaimed whatever interest she might have therein to her husband.

The language of the decree is clear and leaves no ground for construction. The court followed the award to Thomas E. Grattan of the home place with the words "except as noted." These words clearly referred to the right of Mrs. Grattan to occupy the home place from May 14 to August 1, 1954, paying no rent and requiring her husband to pay all household expenses during that period. Had the court felt that Mrs. Grattan should have a lien on the home place he would doubtless have so provided in the divorce decree.

The husband took the home place heavily mortgaged and was required to assume and pay all debts, bills, accounts and other obligations created during the marriage relation. Mrs. Grattan was relieved of all current expenses and also from all mortgage indebtedness against the home place. She herself had signed the mortgage against this land and was liable for such indebtedness to the mortgagees.

Under the facts before us we can hardly conceive that the court intended to make the alimony judgment a lien against the home place when he could have done so, but expressly provided otherwise. Surely Mrs. Grattan did not consider that such was the meaning of the judgment when she executed to her husband a quit claim deed expressly conveying the home place to him. Even if the judgment should be construed as constituting a lien against the home place, such right was clearly eliminated when Mrs. Grattan executed and delivered the quit claim deed to her husband.

The Supreme Court of Washington in Seattle Brewing & Malting Co. v. Talley, 59 Wash. 168, 109 P. 600, held that a judgment for alimony did not constitute a lien against property awarded to the husband free and clear of the claims of the wife of every kind and character. We do not think it necessary to discuss other cases wherein the facts are different from the facts before us in the case under consideration.

The judgment of the trial court is hereby affirmed.

WELCH, C. J., CORN, V. C. J., and JOHNSON and WILLIAMS, JJ., concur.

DAVISON and JACKSON, JJ., concur in result.

BLACKBIRD and CARLILE, JJ., dissent.