Carolyn TURMAN, Plaintiff in Error,

v.

Arnold TURMAN, Defendant in Error.

No. 41814.

Supreme Court of Oklahoma.

March 12, 1968.

Shapard & Shapard, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

The question presented in this case is whether or not a discharge in bankruptcy releases the bankrupt from the obligation of paying the attorney's fee he was ordered to pay an attorney for representing his former wife in a divorce action she instituted, and in which she obtained a decree of divorce from him, as well as custody of the couple's minor children, and support for them, and was awarded part of the couple's property, "as and for property settlement, in lieu of alimony * * *". The divorce decree was rendered in June, 1965, directing defendant in error, hereinafter referred to as "defendant", to pay the one-hundred and fifty dollar attorney's fee on July 1st of that year. After more than two months had elapsed without the fee being paid, defendant was cited in September, 1965, to appear before the divorce and trial court, and show cause why he should not be punished for contempt. In his answer to the citation, defendant alleged that he had taken bankruptcy in a certain cited proceeding in the United States District Court, and that said attorney's fee was listed in the bankrupt claim filed therein. He prayed the trial court to dismiss the contempt citation.

Upon a hearing of the matter, said court's judgment was in his favor, after a finding that a contempt citation should be denied against him, because the fee was a proper item for discharge, and had been discharged, in the bankruptcy proceeding.

For reversal, it is urged that said judgment was error, because, under Oklahoma Statutes, there is no material difference, in respect to the present question, between such an attorney's fee, and the divorced wife's alimony, as to which latter the Federal Bankrupt Statute, 32 Stat. 798, as amended by subsequent Acts, including the Act of Congress of July 12, 1960, 74 Stat. 409 (11 U.S.C.A. § 35) provided:

"(a) A discharge in bankruptcy shall release a bankrupt from all of his prov-

Bay, Hamilton & Renegar, Oklahoma City, for plaintiff in error.

able debts, * * * except such as (1) are due as a tax

\* \* \* \* \* \*

"(2) are (sic) liabilities * * * for alimony due or to become due, or for maintenance or support of wife or child, * * *."

It is conceded that the question of whether an obligation for such an attorney fee is dischargeable in bankruptcy is one of first impression in this jurisdiction. In support of her position, plaintiff in error, hereinafter referred to as "plaintiff", cites cases from other jurisdictions, in which, she says, such obligations are no different in character than they are under the Oklahoma Statute, Tit. 12 O.S.1961, § 1276, by whose authority they are fixed by court order. Said statute reads as follows:

"ORDERS CONCERNING PROPERTY, CHILDREN, SUPPORT AND EXPENSES.—After a petition has been filed in an action for divorce and alimony, or for alimony alone, the court, or a judge thereof in vacation, may make and enforce by attachment such order to restrain the disposition of the property of the parties or of either of them, and for the use, management and control thereof, or for the control of the children and support of the wife or husband during the pendency of the action, as may be right and proper; and *may also make such order relative to the expenses of the suit as will insure an efficient preparation of the case*; and on granting a divorce in favor of the wife or refusing one on the application of the husband, *the court may require the husband or wife to pay such reasonable expenses of the other in the prosecution or defense of the action as may be just and proper,* considering the respective parties and the means and property of each." (Emphasis added.)

While there may be a distinction between the so-called "property settlement" awarded plaintiff, and those which could not conceivably be considered as anything except "alimony" (see 8B C.J.S., Bankrupt-

cy § 570, at footnotes 42 and 45.5, 9 Am. Jur.2d "Bankruptcy" § 793, and the annotation at 74 A.L.R.2d 758) since the parties herein mention no such distinction, and the bankruptcy discharge issue is presented herein, as if there were no such distinction, we will so treat it.

■ Defendant merely argues that, in Oklahoma, the attorney's fee that, in a divorce action, one party may be ordered to pay for his, or her, adversary, is quite different from alimony, or child support money. He points out some of the distinctions between such obligations, and concludes, in substance, that since attorneys' fees are not specifically mentioned among the various obligations excepted by the Federal Statute, supra, from operation of a discharge in bankruptcy, they are subject to its operation. We do not agree. None of the distinctions, pointed out by defendant, between obligations to pay such attorneys' fees, and those to pay alimony or support money, appear to be significant, or to have any efficacy, or validity, in a proper consideration of the question before us. As this court has previously recognized, in Battles v. Battles, 205 Okl. 587, 239 P.2d 794, that alimony, and support of his wife and minor children "remains the obligation of a bankrupt, notwithstanding his discharge", resolution of the present question requires only our additional recognition of the necessity of the services of an attorney, and that provisions for payment for said services is a necessary cost, or expense, in an action for divorce and alimony, and to *insure* (under the wording of § 1276, supra) the "efficient preparation" and "prosecution or defense" of such an action. (In this connection, notice Allison v. Allison, 150 Colo. 377, 372 P.2d 946, and Kelly v. Maupin, 177 Okl. 44, 46, 58 P.2d 116, 119). In our opinion, the obligation to pay the attorney fee assessed against the bankrupt for such services is an "accessory" to the alimony, and "follow[s] the nature of the liability" therefor, just as truly as do the costs of the action. Smith v. Smith, (D.C., W.D., N.Y.) 7 F.Supp. 490, 491. A court-decreed

obligation to pay such a fee also has some of the same characteristics distinguishing it from ordinary privately-contracted "debts", that court-decreed alimony possesses. In this connection, see the discussion in Merriman v. Hawbaker (D.C.E.D., Ill.) 5 F.Supp. 432, 434.

In view of the foregoing we conclude that, despite differences between the wording of § 1276, supra, and other statutes having similar purposes in other States, a court-decreed obligation to pay attorneys' fees, such as is involved here, is in the same category, as concerns its being dischargeable in bankruptcy, as such obligations to pay alimony. In this connection, see the annotations under Note 213 in 11 U.S.C.A. § 35 and others at 103 A.L.R. 722 and 39 A.L.R. 1283; 8B C.J.S., supra, § 563b, footnote 21.

The judgment of the trial court is therefore reversed, and this cause is remanded to said court, with directions to set same aside and proceed in a manner not inconsistent with the views herein expressed.

All the Justices concur.