Allen M. AUSTIN and James R. Parker on behalf of themselves and others similarly situated, Petitioners,

v.

STATE BOARD OF EDUCATION et al., Respondents.

No. 45344.

Supreme Court of Oklahoma.

April 4, 1972.

Rehearing Denied May 2, 1972.

Barney Miller, Miller, Brockett, Granger & McConnel, Oklahoma City, for petitioners.

Leslie L. Conner, Conner, Little & Conner, Oklahoma City, for respondent, Independent School District No. I–53 of Oklahoma County.

Larry Derryberry, Atty. Gen., Larry L. French, Asst. Atty. Gen., Oklahoma City, for respondents, State Bd. of Education, and others.

James Howell, Oklahoma City, for respondent, Independent School District No. I–52 of Oklahoma County.

WILLIAMS, Justice.

Petitioners, Austin and Parker, et al., have filed an application to assume original jurisdiction and petition for writ of mandamus for the purpose of requiring respondents to comply with their statutory duties in connection with the implementation of an order declaring annexation issued by W. C. Haller, Oklahoma County Superintendent of Schools, pursuant to an election in which the school district electors voted to annex a portion of the Crooked Oak School District (I–53) to the Midwest City School District (I–52).

Because of the public nature of the question presented, we have assumed original jurisdiction. State ex rel. Nesbitt v. Ford, Okl., 434 P.2d 934.

Petitioners herein were among those who circulated the original petition calling for the annexation election pursuant to the provisions of 70 O.S.Supp.1968, §§ 7–1. The county superintendant held that the petition contained an insufficient number of signatures and refused to call the election. Petitioners herein then appealed to the District Court of Oklahoma County, which found the number of signatures sufficient and ordered the election held. Appeal was taken to this Court (case No. 45,028) and the judgment of the trial court was affirmed. Haller, Supt. v. Austin, et al., Okl., 487 P.2d 1360.

Following the election at which the annexation was approved, a number of people representing themselves to be more than 25% of the electors residing in the Crooked Oak School District (see 70 O.S.1968 Supp., § 7–1(d)) filed a petition in the District Court of Oklahoma County protesting the result of the election. That court found the number of protestants to be insufficient and dismissed the attempted appeal.

The same parties, represented by Mr. T., then filed a purported appeal in this Court, alleging, among other things, that

"The sole and only question proposed by Plaintiffs in Error herein is, 'Did the 2nd trial Court err in accepting the records of the Oklahoma County Election Board, without deducting from that total the 272 names previously deducted by the 1st trial Court on May 26, 1971?'"

At the same time they filed an "Application for Stay in Proceedings" which was denied by this Court. Ten days later a similar application was filed. It was de-

nied on Jan. 24, 1972, after the record from the trial court had been received and examined by this Court.

In the meantime, the application to assume original jurisdiction and petition for writ of mandamus which are presently under consideration had been filed in this Court by Austin and Parker, et al. Very shortly thereafter, the Crooked Oak School District (I–53) filed a petition for the removal of the matter from this Court to the United States District Court for the Western District of Oklahoma, allegedly under the provisions of 28 United States Code, §§ 1441(b) and 1443. After hearing argument, that court, on December 22, 1971, found that it was without jurisdiction and ordered the matter remanded to this Court. The order of remand was appealed by the Crooked Oak School District to the United States Court of Appeals for the Tenth Circuit. Thereafter, the school district applied to the appellate court for an injunction pending the appeal against most of the respondents herein, to prevent them from performing their statutory duties in implementing the described order declaring annexation. On February 17, 1972, the United States Court of Appeals entered its order refusing to grant such an injunction.

In the answer brief opposing the granting of the petition for mandamus now before us, the Crooked Oak School District argues that relief should be denied because (1) the petition for mandamus was not verified; (2) there is a plain, speedy and adequate remedy at law because of other cases pending; and (3) under the new Oklahoma School Code adopted by the 1971 Legislature and effective July 2, 1971, no school district boundaries may be changed pursuant to an annexation election until "all litigation has expired."

The verification mentioned in (1) above has now been supplied by petitioners pursuant to 12 O.S.1971, §§ 1459 and 314.

■■ In connection with (2) above, the brief lists three "cases pending". The first was No. 45192 in this Court; although it was pending when the brief was filed, it

has now been terminated by the order of this Court, previously mentioned herein, entered on January 24, 1972. The second case mentioned is Civil No. 71–427, in the United States District Court for the Western District of Oklahoma, which allegedly "involves the deannexation and election proceedings in this school district." On this allegation, without more, we cannot say that the pending case in federal district court represents a plain, speedy and adequate remedy for petitioners Austin and Parker, et al.; also, courts do not generally take judicial notice of proceedings in another cause in a different court; 29 Am.Jur.Evidence, § 58. The third case mentioned in the brief is No. 45344 in this Court—the one now under consideration. This case was apparently mentioned for the benefit of the federal district court in the removal proceedings, which considered the same brief.

■ With regard to (3) above, respondent argues that the writ of mandamus should be denied because the State Board of Education has no duty to change school district boundary lines until "after all litigation has expired", as provided in 70 O.S.1971, § 7–101(D). As we have seen, however, this section, a part of the new Oklahoma School Code, was not effective till July 2, 1971. The proceedings leading to the petition for writ of mandamus now under consideration were begun on April 5, 1971, when petitioners herein filed their original petition calling for a school district election. This matter must therefore be determined in accordance with the law as it was at that time—70 O.S.Supp.1968, § 7–1. The repeal of the 1968 statute cannot " * * * affect any * * * proceedings begun by virtue of such repealed statute." Art. 5, Sec. 54, Oklahoma Constitution.

Also, we note that the cases relied upon in the Crooked Oak School District brief as not having "expired" are the three cases mentioned in connection with the argument under (2) above which, as we have seen, constitute no bar to the granting of the relief petitioners seek.

No good cause is shown why the order declaring annexation, issued by the county superintendent pursuant to the school district election, as provided by statute, should not be implemented. There remains to be done only the ministerial duties placed upon respondents herein. However, it is readily apparent from the number, and official designation of the respondents in this case, that the work of several different agencies and instrumentalities of government must be co-ordinated in the implementation of the order declaring annexation, and that confusion could result from overly precipitous action. In awarding or denying writs of mandamus, courts exercise judicial discretion and are governed by what seems necessary and proper to be done under the facts of each case for the attainment of justice. See Draper v. St. Board of Equalization, Okl. 414 P.2d 276 (1966); and State ex rel. Settles v. Board of Education, et al., Okl. 389 P.2d 356, 358 (1964). It is therefore ordered that respondents and each of them are hereby directed to proceed to perform their statutory duties and thereby so implement the annexation that it shall become full effective on July 1, 1972.

BERRY, C. J., DAVISON, V. C. J., and JACKSON, IRWIN, LAVENDER, McINERNEY AND BARNES, JJ.