Joan CAMPANELLO, Plaintiff,

and

Larry Joseph Campanello, Defendant,
Appellees,

v.

Robert L. MASON, Appellant.

No. 50015.

Supreme Court of Oklahoma.

Nov. 8, 1977.

Charles W. Hack, Tulsa, for appellee-Larry Joseph Campanello.

Robert L. Mason, Tulsa, for appellant.

DAVISON, Justice.

In 1976, Joan Campanello hired attorney, Robert L. Mason, to represent her as plaintiff in a divorce action. On March 15, of that same year, a petition for divorce was filed by Ms. Campanello, by and through her attorney, Mr. Mason.

On March 24, 1976, the trial court issued a temporary order in the divorce proceeding; the order provided, in part, that the defendant Larry Joseph Campanello pay the sum of $250.00 as temporary attorney fees to attorney Mason within five days of the order.

Subsequently, a motion to modify the temporary order was sustained and the temporary order was vacated in toto.

After the temporary order was vacated, the parties, attempting a reconciliation, began once more to cohabitate. After it became apparent that reconciliation was not possible, Ms. Campanello filed an amendment to her petition, alleging the attempted reconciliation and again praying for a divorce, together with all relief prayed for in the original petition.

While the case was pending, attorney Mason's office was notified by phone that Ms. Campanello, together with her husband and her husband's attorney (without attorney Mason's knowledge or consent) had agreed to a waiver divorce and had worked out a property settlement agreement, and that therefore Ms. Campanello was no longer in need of attorney Mason's services. A follow-up letter to attorney Mason's office verified this information and also indicated that Ms. Campanello was undergoing psychiatric treatment for a nervous breakdown, and would make arrangements to pay attorney Mason's fee as soon as she was once again able to work.

Attorney Mason did not at that time, nor at any time, withdraw from the case, but indicated that he would withdraw once his fees were paid.

The divorce came on for hearing on June 30, 1976, approximately a week after attorney Mason had been notified of the agreement reached between the parties. Attorney Mason appeared at that hearing, and prior to the actual proceeding, filed a document, in the presence of defendant Larry Campanello, indicating that he claimed an attorney's lien in the proceeding in the sum of $500.00. On that date, the trial court granted the divorce, ordering that Ms. Campanello pay attorney Mason a reasonable fee for his services, and ordering the defendant Mr. Campanello pay a fee of $350.00 to his attorney. However, at that time, the court did not rule on attorney Mason's motion, in which he asked the court to grant and recognize his lien in the property acquired by Ms. Campanello in the divorce proceeding. Rather, the court took the motion under advisement and considered it a short time later in a separate hearing. At the conclusion of the separate hearing, the court held that attorney Mason had not perfected an attorney's lien because timely notice of the lien was not given to the adverse party. Such notice is required unless an appropriate notation of "lien claim" appears in the petition—no such no-

tation was present on the petition in this divorce action. In so ruling, the trial court stated:

"That notice can be given to the adverse party by making a notation of the lien claimed on the Pleading or initial Petition, or it can be given at anytime before the settlement is made. That was not done in this case. The lien was presented to the Court moments before the matter was taken up actually for the judgment, and at the time when the settlement of the rights of these parties had already been made and could not have been notice to the defendant pursuant to the statutes."

Attorney Mason appealed from the order of the trial court, asserting that by virtue of Title 5 O.S. §§ 6 thru 9, he has an attorney's lien against not only the property of his client, obtained by virtue of the divorce, but also against such property acquired by the defendant. Appellant Mason asks this Court to reverse the holding of the District Court and enter a judgment in his favor against both plaintiff and defendant and to impress the judgment as a lien against the litigants' property acquired by virtue of the divorce property settlement.

■ In addressing the issues presented by this case, we first consider whether an attorney's lien can be created in a divorce proceeding against the property acquired by virtue of a property settlement. In addressing this issue, we specifically note that we are not here deciding whether an attorney's lien can attach to a decree insofar as it awards alimony for support or maintenance. Rather, we are only determining whether an attorney's lien can attach to a decree making a final division of property by which specific property is awarded to the parties and/or in lieu of such distribution, a money judgment representing the parties' interest in property is awarded. We hold that an attorney's lien can attach to property awarded in a division of property in a divorce proceeding.

■ 5 O.S.1971 § 6 allows for the creation of what is generally termed a special or charging attorney's lien, which is not dependent upon possession or control of property, as a general or retaining lien is. The lien created by the statute is founded upon the equity of an attorney to be paid his fees and disbursements out of the judgment he has obtained. Thus, when the skills and services of an attorney "bears fruit" by producing a judgment, an attorney may, by taking the appropriate procedural steps, see that a lien attaches to the fruits of his efforts.[1]

■ In the case before us, the action taken by attorney Mason in the bringing of the divorce case, has resulted in his client receiving free and clear title to the property awarded to her in the division of property. We see no reason to deny a lien on such property, merely because property was awarded in a divorce action. The theory of an attorney's lien is to allow the attorney to insure the payment of fees due for his services. The mere fact that the "fruits of his services" were awarded in a divorce action, makes those "fruits" no less real or tangible than property acquired in other types of litigation. Nor does such a fact lessen the skill and effort exercised on the part of an attorney. We know of no jurisdiction that denies an attorney's lien merely because the property acquired was done so in a divorce proceeding. Indeed, the only case addressing this issue known to the Court specifically held that such a lien is permissible.[2]

Below the trial court indicated that it felt that no lien could attach to the property acquired in a division of property, as no new rights or "fruits" were created, because the parties already had a right to have the property divided. Such an argument is a specious one, for the efforts of an attorney result in the parties receiving new and distinct rights which are separate and independent from their rights prior to the division of property. Until the time of the

---

1. See 7 Am.Jur.2d, Attorneys at Law, §§ 281 and 296, and the cases cited therein.

2. *Hubbard v. Ellithorpe,* 135 Iowa 259, 112 N.W. 796 (1907).

division of property, each party generally holds all jointly acquired property in some form of joint tenancy, whereas after the property division and disbursement, each party has rights in the property awarded, separate and distinct from their former spouse. Such rights are new and can rightfully be termed fruits of an attorney's efforts. When a carpenter, using wood and material of his employer, utilizes his skill to create a table, it would seem ludicrous to argue that the table was not the "fruit" of the carpenter's skill and effort. We deem it equally so to argue that new property rights, created by a division of property in a divorce (such rights being distinct, separate and independent from former rights), do not constitute "fruits" of an attorney's skill and services. Accordingly, we hold that an attorney's lien may attach to property rights acquired by a property division in a divorce proceeding.

We next consider whether such a lien attached in the case before us. 5 O.S.1971 § 6, which deals with the creation of an attorney's lien provides:

"*From the commencement of an action, or from the filing of an answer containing a counterclaim, the attorney who represents the party in whose behalf such pleading is filed shall,* to the extent hereinafter specified, *have a lien upon his client's cause of action or counterclaim,* and same *shall attach to any verdict, report, decision, finding or judgment in his client's favor;* and the proceeds thereof, wherever found, shall be subject to such lien, and *no settlement between the parties without the approval of the attorney shall affect or destroy such lien,* provided such attorney serves notice upon the defendant or defendants, or proposed defendant or defendants, in which he shall set forth the nature of the lien he

claims and the extent thereof; and *said lien shall take effect from and after the service of such notice,* but such notice shall not be necessary provided such attorney has filed such pleading in a court of record, and endorsed thereon his name, together with the words 'Lien claimed.' " [Emphasis added]

In interpreting the statute, this Court has held that an attorney's lien may be made effective in any one of three ways:

1. By the endorsement of the claim upon a petition or other like pleading filed in the case.

2. By giving written notice to the adverse party (such notice to be given before judgment or settlement becomes effective), or

3. By entering or causing to be entered a statement that a lien is claimed in the judgment docket opposite the entry of the judgment (such entry in docket book may be made any time before the rights of third parties intervene).[3]

In the case before us, attorney Mason filed a pleading, prior to judgment, indicating that he had been informed that his services in the case were no longer necessary, and that he claimed an attorney's lien. As mentioned above, this written document was filed in open court *in the presence of the adverse party,* prior to the court's hearing evidence in the divorce proceeding. The trial court ruled that such notice was too late as the parties had entered into a property settlement agreement prior to the notice. Such property settlement agreements are however not binding upon the trial court in a divorce proceeding; on the contrary, the trial court has the authority to totally reject such an agreement, disposing of the property in a manner deemed just and equitable by the court itself.[4] Because of the court's freedom to

---

3. E.g., *Widick v. Phillips Petroleum Co.,* 180 Okl. 432, 70 P.2d 474 (1937), and *Cherry v. Erwin & Erwin,* 173 Okl. 511, 49 P.2d 788 (1935).

4. E.g., *Seelig v. Seelig,* Okl., 460 P.2d 433 (1969). This case also points out that although the trial court is not bound by property agree-

ments entered into between the parties, the court may, if in its judgment the agreement is just and equitable, incorporate the agreement into the judgment. The case also indicates that in determining whether a property agreement entered into by the parties is just and reasonable, the court must look beyond the terms of the agreement and consider the relation of the

distribute joint property as it deems just and equitable, in complete disregard of any property settlement agreements entered into between the parties, we hold that such a settlement is not a settlement as that term is generally used, for such agreements are not binding unless approved and incorporated into the trial court's decree. When such agreements are approved by the court and incorporated into the court's decree (either by recitation or by reference), the parties are bound by the terms of the agreement. But it is the court's action, and not the action of the parties which makes the provisions binding.

■ At the time attorney Mason gave notice that he was claiming an attorney's lien, the parties had entered into a property settlement agreement, but the court had taken no action. This being the case, no final determination or judgment had been made, accordingly, we hold that the notice given by attorney Mason was timely, and hold that the notice had the effect of creating a valid lien to insure the payment of a reasonable fee for the services he rendered, and that the lien attached to all property awarded to his client in the trial court's division of property.

■ Attorney Mason also claims to have perfected a lien against all property received by defendant, Mr. Campanello, as Mr. Campanello "settled the cause of action around" attorney Mason, and that such acts, under the provisions of 5 O.S. 1971 §§ 8 and 9, make the adverse party liable to the attorney for the fees due or to become due him.[5] However, it is clear that the liability of an adverse party which arises under the provisions of 5 O.S. §§ 8 and 9, arises only in cases in which a contingency fee arrangement has been entered into between the attorney claiming the lien and his or her client.

Title 5 O.S.1971 § 8 provides in part:

"Should the party to any action or a proposed action, whose interest is adverse to the client contracting with an attorney settle or compromise the cause of action or claim wherein is involved any lien, *as mentioned in the preceding section* thereof, such adverse party shall thereupon become liable to such attorney for the fee due him or to become due him * * *."

parties at the time of the trial, their ages, health, financial conditions, opportunities, and contributions of each to the joint estate.

5. 5 O.S.1971 § 8 provides:
"Should the party to any action or proposed action, whose interest is adverse to the client contracting with an attorney settle or compromise the cause of action or claim wherein is involved any lien, as mentioned in the preceding section[1] thereof, such adverse party shall thereupon become liable to such attorney for the fee due him or to become due him under his contract of employment. After judgment in any Court of Record, the attorney's lien, provided for herein may also be effective against the judgment debtor, by entering same in the judgment docket opposite the entry of the judgment, and such attorney may enforce any lien provided for by this act in any court of competent jurisdiction by action filed within one year after he becomes aware of such compromise, or judgment may be rendered on his motion in the case in the court in which the suit was brought."
[1] Section 1 of this title.
5 O.S.1971 § 9 provides:
"Should the amount of the attorney's fees be agreed upon in the contract of employment, then such attorney's lien and cause of action

against such adverse party shall be for the amount or portion of the property so agreed upon. If the fee be not fixed by contract the lien and cause of action, as aforesaid, shall be for a reasonable amount for not only the services actually rendered by such attorney, but for a sum, which it might be reasonably supposed, would have been earned by him, had he been permitted to complete his contract, and been successful in the action, and such attorneys in order to recover need not establish that his client, if the case has gone to trial, would have been successful in the action, but the fact of settlement shall be sufficient without other proof to establish that the party making the settlement was liable in the action. Should the contract be for a contingent fee and specify the amount for which action is to be filed, then the lien and cause of action, as aforesaid shall be for the amount contracted for if fixed at a definite sum of money or for the percentage of the amount or property sued for as mentioned in said contract where the fee is fixed on a percentage basis, not exceeding thirty-three and one-third per cent of the amount sued on where the settlement is before a verdict or judgment and if made after verdict or judgment then the full contract price."

**454**

[Emphasis added]

Footnote 1. in the above quoted section indicates that the preceding section referred to is Section 7 of Title 5. Section 7 deals *exclusively* with *contingency fees.* Therefore, we construe 5 O.S.1971 § 8 as applicable only in cases in which contingency fee arrangements have been entered into between the attorney claiming rights under the statute and his or her client. Since no contingency fee was involved in this case, we hold the provisions of 5 O.S.1971 § 8 to be inapplicable—thus, attorney Mason's lien did not attach to the property of Mr. Campanello.

Although the procedure used by attorney Mason to intervene, was at best slipshod, we need not consider the adequacy of the procedure, as the record reflects no objection to the procedure, and the court treated it as a proper intervention, proceeding to adjudicate issues presented by the intervention. Because the trial court held that attorney Mason had not perfected his attorney's lien, the trial court refused to grant attorney Mason relief. As discussed above, the trial court erred in holding that an attorney's lien had not been perfected. We therefore reverse the decision of the trial court. In reversing the trial court, insofar as it held that no attorney's lien had been perfected, we note that the record before us does not indicate what relief attorney Mason sought—the record is not clear as to whether attorney Mason merely sought to have his lien recognized of record, or whether he also sought enforcement of the lien. Because of this uncertainty, we deem it inappropriate for this Court to grant attorney Mason further relief by enforcing his lien.

For the above stated reasons, the ruling of the trial court, insofar as it held that attorney Mason had not perfected an attorney's lien is reversed, and the matter is remanded to the trial court, where attorney Mason may seek to have his lien enforced against the property of Ms. Campanello, if he so desires.

REVERSED IN PART AND REMANDED.

HODGES, C. J., LAVENDER, V. C. J., and IRWIN and BERRY, JJ., concur.

WILLIAMS, BARNES, SIMMS and DOOLIN, JJ., dissent.