**SOONER FEDERAL SAVINGS AND LOAN ASSOCIATION, a corporation, Appellee,**

v.

**Paul MOBLEY, Appellant,**

Susan J. Mobley, Edwin J. Jones, III, Donna Merck Jones, James W. Summerlin, Robert H. Tips, Gary J. Dean, Otis Eversole, William Flanagan, Appellees.

No. 53261.

Supreme Court of Oklahoma.

Oct. 20, 1981.

On Rehearing May 3, 1982.

---

8. *Estate of O'Bannon*, 633 P.2d 741 (Okl.1981).

David L. Ashbaugh, Claremore, for appellant, Paul Mobley.

Theodore P. Gibson, Tulsa, for appellee, Robert H. Tips.

James W. Summerlin, Claremore, attorney pro se and for appellees, Susan J. Mobley, Otis Eversole and William Flanagan.

James R. Waldo, Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, for appellees, Edwin J. Jones, III, and Donna Merck Jones.

Gary J. Dean, Pryor, attorney pro se.

BARNES, Vice Chief Justice:

On January 23, 1975, the Appellant, Paul Mobley, and Susan Mobley, his wife, purchased a tract of land in Rogers County. This property was properly designated as their homestead. The Mobleys assumed a mortgage with Sooner Federal Savings and Loan Association.

On June 7, 1977, the parties obtained a divorce. In the decree, the trial court found that the Appellant should pay attorney fees to his wife's attorney, James Summerlin, and to his attorneys, Robert Tips and Gary Dean. Appellant was also ordered to pay Otis Eversole, an Appraiser, and William Flanagan, a Certified Public Accountant, for services rendered during the divorce proceedings. The decree further provided that Appellant pay his wife support alimony in the total amount of $25,-000.00, payable over a ten-year period. The parties' home was awarded to the Appellant. The decree, however, did not make any of the above claims a lien on the property awarded to the Appellant.

After the decree was granted, the Appellant continued to live on the property and

the same continued to be his homestead. Appellant remarried and the property was the homestead of both himself and his wife.

On March 7, 1978, Sooner Federal instituted foreclosure proceedings, due to default by the Appellant. Summerlin, Tips, Dean, Eversole and Flanagan all filed an answer and cross-petition in the action, each seeking to foreclose upon his respective claim.

Sooner Federal dismissed its action on July 20, 1978, and the Appellant filed his answer to the cross-petition of the other parties.

Trial was had upon the issue, and the trial court found that even though the property was the homestead of the Appellant, it was subject to the claims cited above. Appellant comes to this Court to appeal that judgment.

The sole issue before us is whether a person's homestead is subject to a money judgment won by another. The statutes provide clear guidance to an answer to this question.[1] Title 31 O.S.Supp.1980 § 1 provides that:

"A. Except as otherwise provided in this title and notwithstanding subsection B herein, the following property shall be reserved to every person residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as herein provided:

"1. The home of such person, provided that such home is the principal residence of such person."

In *Kelough v. Neff, 382 P.2d 135 (Okl. 1963)*, we interpreted this section as meaning that a money judgment did not constitute a lien against the debtor's homestead.

Exceptions to this general rule are provided in 31 O.S. § 5, which reads:

"The exemption of the homestead provided for in this chapter shall not apply where the debt is due:

"1. For the purchase money of such homestead or a part of such purchase money.

"2. For taxes or other legal assessments due thereon.

"3. For work and material used in contructing improvements."

■ Appellees rely on the holding of *Campanello v. Mason, 571 P.2d 449 (Okl. 1977)*, which held that attorney liens can be placed on property secured in a divorce action. *Campanello* can be distinguished because none of the claims of Summerlin, Dean, Tips, Eversole and Flanagan were made a lien upon Appellant's homestead property by the divorce decree. The divorce trial court could have made such claims a lien on Appellant's real property, including his homestead.[2] Indeed, in *Campanello* we held that when an attorney perfects his attorney lien pursuant to 5 O.S. § 6, such lien attaches to the property awarded to his client as "fruits" of his efforts. However, in this case the only record we have before us is the divorce decree, which reflects that Appellees' claims were not made a lien on the homestead property, but were only ordinary money judgments. This is not an appeal of the divorce case wherein Appellees are claiming attorney's liens should have been imposed, but is an appeal in a foreclosure action wherein Appellees are claiming that an ordinary money judgment for attorney's fees can be enforced against Appellant's home-

---

1. See also Const.Art. 12, § 2, which provides in part:

"The homestead of the family shall be, and is hereby protected from forced sale for the payment of debts, except for the purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon; ..."

2. See *Haven v. Trammell, 79 Okl. 309, 193 P. 631 (1920)*, wherein this Court held that the trial court is vested with authority and discre-

tion to make judgment and award of support alimony and attorney fees a lien on homestead property. See also 12 O.S.Supp.1976 § 1289(C); *Putz v. Putz, Okl., 572 P.2d 970 (1978); Turman v. Turman, Okl., 438 P.2d 488 (1968); Whitman v. Whitman, Okl., 430 P.2d 802 (1967); Grattan v. Tillman, Okl., 323 P.2d 982 (1958); and Bussey v. Bussey, 148 Okl. 10, 296 P. 401 (1931)*, dealing with support alimony or child support as liens on real property by court order.

stead. Since no statutory attorney's lien was placed on the homestead in the divorce decree, Appellees' judgments are ordinary money judgments and cannot be enforced against Appellant's homestead, as such property retains its exempt status under 31 O.S. § 5.

■ Appellees also contend that their efforts should be treated like a worker's lien. This contention says that because the attorney's efforts secured the house for the Appellant, these efforts can be compared to a construction worker's. The acceptance of this position would require an unreasonable reading of the phrase, "constructing improvements thereon".

The exemptions listed in this section were designed to carve out the few times that a lien could be executed against a homestead. The Appellees' interpretation would expend the exemptions past the clear intent and purpose of the Legislature.

Accordingly, we reverse the judgment of the District Court.

REVERSED.

IRWIN, C. J., and HODGES, LAVENDER, SIMMS, HARGRAVE and OPALA, JJ., concur.

## SUPPLEMENTAL OPINION ON REHEARING

LAVENDER, Justice:

On petition for rehearing, Gary J. Dean contends that his status is different from the other lien claimants because on November 4, 1981, he filed an Application for Judgment on Attorney Fee in the divorce proceedings and on the 20th day of October, 1977, the District Court of Rogers County, Oklahoma, entered a judgment in the divorce proceedings in favor of Dean and against Paul Mobley and decreeing that the judgment shall be a lien upon the property of the plaintiff.[1] Thus, Dean urges, he is brought within *Haven v. Trammell*, 79 Okl. 309, 193 P. 631 (1920) and *Campanello v. Mason*, Okl., 571 P.2d 449 (1977), and has a valid lien upon the homestead.

A purported copy of the judgment in favor of Dean in the divorce proceedings entered on October 20, 1977, is attached to Dean's brief in support of his petition for rehearing. Otherwise, the only reference to this judgment in the record before us is the following allegation in Dean's Answer and Cross-Petition filed below in the case at bar:

"1. That cross-petitioner has and claims a lien against the property described in the petition herein, in the amount of ONE THOUSAND THREE HUNDRED NINETY SIX & 87/100 DOLLARS ($1,396.87) plus interest thereon alleged in the amount of $500.00, all as per Judgment against Paul Adair Mobley, D.O., made and entered on the *20th day of October, 1977,* as more fully appears in a certain Journal of Judgment of said date made and entered in cause numbered D–76–82 in the District Court of Rogers County, Oklahoma, which is incorporated herein by reference.

"2. That said judgment provides that the same is a lien upon the property of defendant MOBLEY, and said judgment inter alia orders said judgment foreclosed as against the property of said defendant.

"3. That the priority of said lien dates back to March 30, 1976, at which time said cause was originally filed, and the claim of said attorneys lien was endorsed upon the petition filed in said cause.

"4. That the lien and claim of this cross-petitioner is superior in priority to all of the claims and liens of all other parties and additional parties defendant herein, save and except the plaintiff, and cross-petitioner is entitled to, and prays for foreclosure of said lien in the manner and form prescribed by law, and determination of priorities."

Dean requests that this Court grant "leave to supplement the record by addition of said judgment in the interest of justice, the omission thereof being error and oversight, and no party being prejudiced thereby since recitation of said judgment is of record in

---

1. This argument was made in Dean's original  brief, filed in this matter.

this appeal." He further requests that rehearing be granted and the judgment entered herein be modified to show that he has a good and valid lien upon the Mobley homestead property.

■ The matter thus presented does not involve the inadvertent omission of a necessary part of the record. Therefore, there was no omission of the judgment of October 20, 1977, from the record on appeal which might be corrected under 12 O.S.1981, § 990, and Rules of Appellate Procedure in Civil Cases—Rules on Perfecting a Civil Appeal, Rule 1.20(a), (b), (g). Never having been a part of the record in the case, the judgment of October 20, 1977, could not have been *omitted* from the record.

We next consider what relief may be afforded under the doctrine of judicial notice. May the Supreme Court take judicial notice on petition for rehearing of a judgment entered by a court below in a cause which was separate from the cause on appeal where the only reference to the cause in the record on appeal is an allegation that the judgment was entered in the collateral cause, and a purported incorporation of the terms thereof into the pleading by reference?

In *Green v. Mac's Plating Works,* Okl., 563 P.2d 148 (1977), it was held that the Industrial Court could take judicial notice of a prior hearing had before it involving the same claimant who was presenting a claim before that court, including the transcript and record in the prior case, to which reference was made in the pending cause.

In *Austin v. State Board of Education,* Okl., 497 P.2d 218 (1972), it was held that courts generally (in this case, the Supreme Court) do not take judicial notice of proceedings pending in another cause in a different court (in this case, a cause pending in the United States District Court for the Western District of Oklahoma).

In *Chisholm v. Stephenson,* Okl., 363 P.2d 229 (1961) it was held that the Supreme Court will take judicial notice of its judg-

ments and decrees, of its records and proceedings in actions formerly pending before it. "It will take particular notice of proceedings formerly pending before it, to which reference is made in the pending litigation, wherein the same persons or their privies were parties and a decision vital to the pending case has been entered." *Chisholm v. Stephenson, supra,* was followed and cited with approval in *Fox-Smythe Transportation Company v. McCartney,* Okl., 510 P.2d 686 (1973).

From the above cases, the following conclusions are drawn:

■ The District Court of Rogers County could properly have taken judicial notice of the prior proceedings before it wherein Gary J. Dean procured a judgment against Paul Mobley, which judgment was expressly made a lien upon the homestead real property of Mobley, particularly since Dean made particular reference to that judgment in the pleadings he filed in the pending case. However, the Supreme Court does not take judicial notice of Dean's judgment where that judgment is not a part of the record before it on appeal.

IT IS THEREFORE ORDERED that Gary Dean's petition for rehearing be granted; that this cause be remanded for the purpose of determining whether a judgment was entered by the District Court of Rogers County in cause numbered D–76–82 rendering judgment in favor of Gary Dean against Paul Mobley, which judgment was made a lien upon the homestead real property of Mobley, whether such judgment was duly entered on the judgment docket of the county in which the realty is located (*Knight v. Armstrong,* Okl., 303 P.2d 421 (1956)), and, if so, that judgment be entered in favor of Gary Dean against Paul Mobley in the pending cause, and determining that said judgment is a good, valid, and subsisting lien upon said homestead property;[2] otherwise, if not so determined, judgment should be entered in favor of Paul Mobley

---

**2.** See 12 O.S.Supp.1980, § 2203 B; 29 Am. Jur.2d, Evidence, §§ 58, 59; 5 Am.Jur.2d, Appeal and Error, § 742.

and Susan Mobley determining that Dean's judgment is not a lien upon the Mobley homestead realty.

IT IS FURTHER ORDERED that the opinion of this Court rendered in this cause on the 20th day of October, 1981, is hereby modified only as to Gary Dean by adding the above and foregoing opinion on rehearing thereto.

All of the Justices concur.